**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL X. MCNEIL and<br>KAREEM MCNEIL,<br><br>Defendants. | Crim. No. 25-00447 (GC)<br><br>**ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon the Government's Motion for Continuance and Exclusion of Time under the Speedy Trial Act.  (ECF No. 51.)  The Government seeks the entry of an Order "to continue the case and exclude time under the Speedy Trial Act . . . through July 6, 2026." (*Id.* at 1.)  The Government represents that discovery in this case is voluminous, as "[h]undreds of gigabytes of data have been produced thus far, including more than 2,000 documents and data files," with another discovery production anticipated within the next 30 days. (*Id.*)  The Government further represents that the Defendants have each "individually invoked their rights to a speedy trial, and do not consent to a continuance in this matter."  (*Id.*)  Defendants did not submit briefing in response to the Government's Motion.

    The Court has carefully reviewed the Government's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b)[1]; and

    **WHEREAS** the Court assumes the parties' familiarity with the procedural history as stated in the two Complex Case Orders this Court has previously granted.  (*See* ECF No. 24; ECF No.

---

[1]    Local Civil Rule 78.1 applies to criminal cases in this District.  *See* L. Cr. R. 1.1.

42.)  And the Court further held a status conference on March 24, 2026, which was attended by Defendants.  (ECF No. 53); and

WHEREAS the Court previously granted the Government's First and Second Motions for a Complex Case Order pursuant to the ends of justice, designating this case as complex and excluding time under the Speedy Trial Act through March 4, 2026.  (ECF No. 24; ECF No. 42.) The Court found the potential death penalty, the volume of discovery, and the likelihood of extensive pretrial motions necessitated a continuance to best serve the ends of justice.  (*See* ECF No. 24; ECF No. 42.)  *See also United States v. Reddick*, Crim. No. 09-2001, 2010 WL 5253527, at *3 (D.N.J. Dec. 17, 2010) ("[T]he death penalty component of the case is what makes the case complex within the meaning of the Speedy Trial Act."); *United States v. Storey*, 927 F. Supp. 414, 416 (D. Kan. 1996) ("Given the nature of the charges against the defendant and the [death] penalty which he faces, the case is too complex to expect adequate preparation for pretrial proceedings within the time limits established by § 3161(c)(1)."); *United States v. Bernacett Cosme*, 127 F. Supp. 2d 271, 273 (D.P.R. 2001) ("Based on the possibility of this being a death penalty case, the Court issued its order stopping the [Speedy Trial Act] clock."); *United States v. Fields*, 39 F.3d 439, 443-45 (3d Cir. 1994) (finding an "ends of justice" continuance was appropriate in a case involving only a "single drug transaction" to provide adequate time for the preparation of pretrial motions); and

WHEREAS the Motion before the Court states that the United States "has been producing voluminous Rule 16 discovery to the defendants on a rolling basis," including "[h]undreds of gigabytes of data" and "more than 2,000 documents and data files," which will be supplemented by "another discovery production."  (ECF No. 51 at 1.)  Further, the Government "is preparing its submittal [of this case] to the United States Department of Justice, Capital Case Unit, for their

review and consideration regarding the death penalty for Paul X. McNeil on Count Nine of the Superseding Indictment," a process which "can take months to conclude." (*Id.* at 2); and

**WHEREAS** based on the foregoing, the Court finds this case is still so "unusual or complex" due to the nature of the prosecution that it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Therefore, the ends of justice outweigh the best interest of the public and Defendants in a speedy trial and justify a period of delay, and for other good cause shown,

**IT IS** on this 30th day of March, 2026 **ORDERED** as follows:

1. This case shall continue to be designated complex, and the Government's Motion (ECF No. 51) is **GRANTED**.

2. A status conference will be set for July 9, 2026, at 11:00 AM, at which point the Government shall provide an update to the Court regarding its submittal of this case to the Department of Justice, Capital Case Unit, for review and consideration regarding the death penalty.

3. This action be, and hereby is, continued from and including March 4, 2026, through and including July 9, 2026.

4. The period from and including March 4, 2026, through and including July 9, 2026 is hereby excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

5. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 51.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**